United States District Court
Southern District of Texas
**ENTERED**
August 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LUIS ANGEL GALVEZ VASQUEZ,<br>"Petitioner,"<br><br>v.<br><br>WARDEN, PORT ISABEL DETENTION CENTER, *et al.,*<br>"Respondents." | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:26-cv-00744 |

**ORDER**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss as Moot or For Lack of Subject Matter Jurisdiction" (Dkt. No. 17) ("MTD").

By their MTD, Respondents notify the Court of Petitioner's removal from the United States and request dismissal of the Petition on mootness grounds. *See generally* Dkt. No. 17. The Court concludes from this filing that the Petition is now moot. For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Here, the Petition challenged the "constitutionality and statutory authority of [Petitioner's] ongoing civil detention." Dkt. No. 1 at 2. Because Petitioner's removal from the country presupposes his release from Respondents' custody, any controversy that existed surrounding said "ongoing civil detention" is now moot. *Id.*; *see e.g.*, *Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331-32 (5th Cir. 2014) (holding removal mooted the habeas petition where "claimed grounds for relief" pertained only to detention).

Accordingly, Respondents' MTD (Dkt. No. 17) is **GRANTED** and the Petition (Dkt. No. 1) is **DISMISSED** as moot. Petitioner's "Emergency Motion for Immediate Release" (Dkt. No. 2), "Motion to Prevent Transfer of Petitioner" (Dkt. No. 3), and "Motion for Stay of Removal" (Dkt. No. 4) are all **DENIED as moot**. The Clerk of the Court is **INSTRUCTED** to close this case.

SIGNED this August 11, 2026

Rolando Olvera
United States District Judge